# BONDURANT MIXSON & ELMORE LLP

**Naveen Ramachandrappa**
**1201 W Peachtree St NW, Ste 3900**
**Atlanta, GA 30309**
**Direct Dial - 404.881.4151**
ramachandrappa@bmelaw.com

August 18, 2025

**VIA ECF Filing**

David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St NW
Atlanta, GA 30303

> Re:  *Kinsale Ins. Co. v. Venetian Hills Apartments, LLC*, No. 24-12770
>      Appellee-Defendant Marie Hughes's FRAP 28 (j) Response to
>      Appellant-Plaintiff Kinsale Insurance Company's
>      Notice of Supplemental Authority

*Mesa Underwriters Specialty Insurance Co. v. West Dallas Investments, L.P.*, 2025 WL 2076642 (N.D. Tex. July 22, 2025), is easily distinguished. Indeed, *Mesa* only underscores why Kinsale's assault-and-battery exclusion fails.

*First*, Mesa's policy expressly defined "'battery'" to include "intentional or **reckless** use of force." *Id.* at *1 (emphasis added). Kinsale's policy doesn't. *See* R-90-5 at 2. Consequently, unlike Mesa's policy, Kinsale's policy is defined by Georgia law and the common law. Both require a person "[i]ntentionally"—not recklessly—"makes physical contact." O.C.G.A. § 16-5-23 (a)(1) (simple battery); *see also* Restatement (Second) of Torts § 13 (1965) ("he acts intending to cause a harmful or offensive contact"); *compare* O.C.G.A. § 16-5-60 (b)(2) (reckless conduct).

*Second*, even if recklessness sufficed, there's no allegation—or evidence—of Kamara Wheeler's recklessness. In *Mesa*, "intoxicated men [were] firing weapons in the air at a **crowded** property during a **rave**."  2025 WL 2076642, at *3 (emphasis added). In stark contrast, when Wheeler lit a sock on fire, she didn't "know that Mr. Hughes was even in the unit that day." R-83-1 at 27. She didn't "'consciously disregard[] a substantial and unjustifiable risk.'" *Mesa*, 2025 WL 2076642, at *3. And non-party Wheeler's negotiated plea to manslaughter isn't binding on the parties here—certainly not as a matter of law.

*Third*, Kinsale says *Mesa* is "just such a case" "'where an assault-or-battery exclusion was applied with no intent, of any kind, to cause physical contact.'" Kinsale's Ltr. at 1. That's false. *Mesa* required at least *some* intent—the person must "'**consciously** disregard[] a substantial and unjustifiable risk.'" 2025 WL 2076642, at *3 (emphasis added).

*Fourth*, Kinsale says *Mesa* "rightly focused on the [third-party's] intent, not the intent of the insured landowner." Kinsale's Ltr. at 1. Right, that's our point. The "regardless of fault or intent" language applies to the insured. R-90-5 at 2. The insured's intent or fault doesn't matter. But the *third-party's* intent does. The insurer must show that the third-party intended to cause a harmful contact. Otherwise, Kinsale's assault-and-battery exclusion would swallow the rule (*i.e.,* swallow the bodily-injury coverage). *See* Hughes's Br. at 31-36.

/s/ **Naveen Ramachandrappa**
Ga. Bar No. 422036

Counsel certifies that the body of this letter contains 348/350 words, pursuant to Federal Rule of Appellate Procedure 28 (j).

Counsel further certifies that this letter has been served on all counsel of record by electronically filing this letter using the CM/ECF system that will automatically send e-mail notification to all counsel of record.